**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**KENNETH HARLAN DOTSON**                                                       **PLAINTIFF**

**vs.**                                                     **CIVIL ACTION NO. 1:10-cv-00087-SAA**

**MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY**                                **DEFENDANT**

**MEMORANDUM OPINION**

After hearing before the undersigned United States Magistrate Judge, and in light of the record as a whole, the court holds that this case should be remanded for further proceedings.[1] The court concludes that the Administrative Law Judge's (ALJ) decision was not supported by substantial evidence. In particular, the ALJ erred when he stated that his finding that the plaintiff was not disabled under the Social Security Act was based upon testimony by the Vocational Expert (VE) when that evidence does not appear in the record. Docket 7, Exhibit 3, p.14.[2]

The ALJ determined that the plaintiff could not perform past relevant work,[3] but he retained the Residual Functional Capacity (RFC) to perform "essentially a full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he is limited to performing

---

[1]In accordance with the provisions of 28 U.S.C. § 636(c), both parties have consented to have a magistrate judge conduct all proceedings in this case; the undersigned therefore has the authority to issue this opinion and the accompanying final judgment.

[2]The Administrative Record in this case is attached to the defendant's Answer at Docket Entry 7. All citations to the Administrative Record are to the Exhibit and Page Number at Docket Entry 7.

[3]The plaintiff previously worked as a mail carrier. Ex. 3, p. 23.

simple, unskilled work." Ex. 3, p. 13-14. The ALJ further concluded after considering plaintiff's age, education, work experience, and residual function capacity that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Ex. 3, p. 14.

In the last step of the sequential disability evaluation process, where the burden shifted to the Commissioner to prove the plaintiff was capable of performing other work,[4] the ALJ ostensibly relied upon testimony by the VE. *Id.* However, the ALJ asked the VE only one question, asking the VE to categorize the plaintiff's previous work as a mail carrier.[5] Ex. 3,p. 46. The ALJ did not elicit testimony from the VE regarding other work that plaintiff would be capable of performing or the existence of such work in the national economy, and the record does not contain any other evidence of opinions held by the VE.

Further, even thought the ALJ did not provide an explanation for his RFC determination – in particular that plaintiff was limited to performing simple, unskilled work – he nevertheless held that the RFC was consistent with the VE's testimony; the VE never offered testimony which could be construed as addressing the RFC. Although the decision to call a VE is in the ALJ's discretion, *Jones v. Heckler*, 702 F.2d 616, 622 (5th Cir. 1983) and the ALJ may rely on the testimony of the VE "when the record reflects an adequate basis for doing so," *Moore v. Social Security Administration*, 153 Fed.Appx. 945 (5th Cir. 2005), the ALJ in this case committed obvious error by relying on evidence from the VE that is nowhere in the record. The testimony

---

[4] 20 C.F.R. §§ 404.1520(f)(1), 416.920(f)(1) (2003).

[5] "Q Can you testify about work, please?
A Yes, sir. He was a mail carrier, municipal. DOT code is 230.367-010 [INAUDIBLE] work DOT. It may b[e] on the expert form. The SVP is 4, [INAUDIBLE] ." Ex. 3, p. 46.

contained in the record does not address the plaintiff's current capabilities under any RFC or job description and could not support a finding that the plaintiff was capable of performing medium work.

Additionally, the undersigned examined the entire record and finds that the ALJ did not satisfy his affirmative duty to develop the record and to "ensure that his decision is an informed decision based upon sufficient facts." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). For example, the ALJ did not address the abundant evidence of depression contained in the record (Ex. 9, p. 402-412); he found that the opinion of the plaintiff's treating physician, Dr. Brister, was "not entitled to significant weight" (Ex. 3, p. 13) but did not perform a detailed analysis as required by *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000);[6] and he did not request a consultive exam in the face of differing medical opinions involving the plaintiff's extensive use of narcotics.[7] "[A]dditional evidence or clarification *will* be sought" [emphasis added by the

---

[6]*Newton* noted the factors that an ALJ must consider before declining to give evidence of a treating physician controlling weight:
  (1)   the physician's length of treatment of the claimant,
  (2)   the physician's frequency of examination,
  (3)   the nature and extent of the relationship
  (4)   the support of the physician's opinion afforded by the medical evidence of record,
  (5)   the consistency of the opinion with the record as a whole, and
  (6)   the specialization of the treating physician.
*See* 20 C.F.R. § 404.1527(d)(2)

[7]Dr. Brister reported that there was "no way to get him off the medication that he takes at this time," and "he has an awful problem with drowsiness and concentration. These will affect his ability to work and due to his back as well as the medicine required to treat it, he will never be able to work again. He is totally disable[d] and really cannot stand or sit for any length of time . . . ." Ex. 9, p. 415. Another medical report from the Veteran's Administration, however, stated: "Currently he is using methadone. With present physical examination and positive DAU for amphetamine I do not think he is a good candidate to b[e] treated with narcotics" Ex. 9, p. 401.

3

court] "when the report from [a] medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1512(2)(1), 416.912(e)(1).

For the foregoing reasons the court finds that the ALJ's decision is unsupported by substantial evidence, and this case should be remanded for further proceedings consistent with this opinion. A Final Judgment in accordance with this Memorandum Opinion will issue this day.

**SO ORDERED**, this, the 3rd day of December, 2010.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE